No. 24-3327

# In the United States Court of Appeals for the Ninth Circuit

JAMES HEALY, on behalf of himself and all others similarly situated,
*Plaintiff-Appellant,*

v.

MILLIMAN, INC., d/b/a INTELLISCRIPT,
*Defendant-Appellee.*

On Appeal from the United States District Court for the Western District of Washington (Seattle)
Case No. 2:20-cv-01473-JCC (Hon. John C. Coughenour)

## PLAINTIFF-APPELLANT'S MOTION TO SEAL PORTIONS OF THE EXCERPTS OF RECORD

BETH E. TERRELL
JENNIFER RUST MURRAY
ADRIENNE D. MCENTEE
BLYTHE H. CHANDLER
TERRELL MARSHALL
LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, WA 98103
(206) 319-5450

JAMES A. FRANCIS
JOHN SOUMILAS
LAUREN KW BRENNAN
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
(215) 735-8600

MATTHEW W.H. WESSLER
GABRIEL CHESS
GUPTA WESSLER LLP
2001 K Street NW
Suite 850 North
Washington, DC 20006
(202) 888-1741
*matt@guptawessler.com*

JESSICA GARLAND
GUPTA WESSLER LLP
505 Montgomery Street
Suite 625
San Francisco, CA 94111
(415) 573 0336

October 16, 2024

*Counsel for Plaintiff-Appellant*

Plaintiff-appellant respectfully seeks leave under Circuit Rule 27-13 and Federal Rule of Appellate Procedure 27 to seal limited portions of volume four of the Excerpts of Record, which is filed contemporaneously with this motion to seal. The appellant only seeks to seal his date of birth, social security number, and health insurance identifier, along with similar identifying information of two other individuals whose health records the defendant disseminated. All of this information is sealed in the district court. Defendant-appellee does not oppose this motion.

Because the appellant has requested "the least restrictive scope of sealing" and because the motion is "limited in scope to only the specific documents or portion of documents that merit sealing," this Court should grant the request.

1. The documents that the appellant proposes to seal are:

- **Prescription records returned to Milliman by its data source:** This document includes prescription records Milliman included on the named plaintiff's consumer report. Appellant only proposes redacting the named plaintiff's date of birth, social security number, and health insurance identifier, along with the same information belonging to another individual whose prescription records are also included on the document.

- **Milliman internal Salesforce Report:** This report documents Milliman's interactions with a consumer requesting a correction to his consumer report. Appellant only proposes redacting the consumer's last name, social security number, and street address so that the consumer cannot be identified in relation to his personal health information.

2. The Court should grant this motion to seal portions of the above document. Courts routinely seal medical records to protect the privacy interests of litigants and non-parties. *See, e.g.*, *Colwell v. Bannister*, 763 F.3d 1060, 1064 n.1 (9th Cir. 2014);

*Brooks v. Agate Res., Inc.*, 836 F. App'x 471, 474 (9th Cir. 2020) ("The district court did not abuse its discretion when it sealed only the medical records attached to plaintiff's objections."); *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980–81 (D.C. Cir. 2016) (district court must seal plaintiff's medical records); *Copeland v. Bayer Healthcare Pharms. Inc.*, 2024 WL 4137262, at *1 (N.D. Cal. 2024) (collecting district court cases from this Circuit that have "repeatedly concluded that the need to keep personal health information confidential outweighs the presumption in favor of public access to court records").

So too with personal identifying information like social security numbers and dates of birth. The federal rules of civil and appellate procedure evince a concern with disclosure of that personal information, and courts routinely require redactions or sealing to prevent its misuse. *See* Fed. R. Civ. P. 5.2(a) (requiring redaction of all but "the last four digits" of an individual's social security number and all but "the year of the individual's birth"); Fed. R. App. P. 25(a)(5) (requiring compliance on appeal with rule 5.2(a)); *Cancino Castellar v. Mayorkas*, 2021 WL 3678440, at *3 (S.D. Cal. 2021) (collecting cases from this Circuit sealing or redacting "personal identifying information").

Those two weighty, and readily recognized, reasons to seal justify the limited redactions appellant proposes here. Without redactions to remove these personal identifiers, the documents in volume four of the Excerpts of Record would reveal the

plaintiff and other individuals' prescription drug histories. Also revealed would be their social security numbers, dates of birth, and home addresses, all of which could be used for improper purposes.

For the foregoing reasons, plaintiff-appellant's unopposed motion to file portions of the excerpts of record under seal should be granted.

Respectfully submitted,

*<u>/s/ Matthew W.H. Wessler</u>*
MATTHEW W.H. WESSLER
GABRIEL CHESS
GUPTA WESSLER LLP
2001 K Street NW
Suite 850 North
Washington, DC 20006
(202) 888-1741
*matt@guptawessler.com*

JESSICA GARLAND
GUPTA WESSLER LLP
505 Montgomery Street
Suite 625
San Francisco, CA 94111
(415) 573 0336

BETH E. TERRELL
JENNIFER RUST MURRAY
ADRIENNE D. MCENTEE
BLYTHE H. CHANDLER
TERRELL MARSHALL
LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, WA 98103
(206) 319-5450

JAMES A. FRANCIS
JOHN SOUMILAS
LAUREN KW BRENNAN
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
(215) 735-8600

*Counsel for Plaintiff-Appellant*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this filing complies with the requirements of FRAP 27 and Circuit Rule 27 and does not exceed 20 pages. The type size is 14-point and the typeface is Baskerville, in compliance with FRAP 32(a)(5) and (6), respectively.

Dated: October 16, 2024

*<u>/s/ Matthew W.H. Wessler</u>*
MATTHEW W.H. WESSLER