No. 24-3327

In the
# United States Court of Appeals for the Ninth Circuit

JAMES HEALY, on behalf of himself and all others similarly situated,
*Plaintiff-Appellant*,

v.

MILLIMAN, INC., d/b/a INTELLISCRIPT,
*Defendant-Appellee*.

On Appeal from the United States District Court for the Western District of Washington
No. 2:20-cv-01473-JCC
Hon. John C. Coughenour

## MOTION TO SUBMIT SEALED DOCUMENTS

Rodney L. Umberger
Daniel A. Brown
Jeffery M. Wells
WILLIAMS KASTNER
601 Union Street, Suite 4100
Seattle, Washington 98101
+1.206.628.6600
rumberger@williamskastner.com

Adam W. Wiers
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, Illinois 60606
+1.312.269.4078
awwiers@jonesday.com

Nathaniel P. Garrett
Eric A. Nicholson
JONES DAY
555 California Street, 26th Floor
San Francisco, California 94104
+1.415.626.3939
ngarrett@jonesday.com

*Counsel for Appellee*
MILLIMAN, INC.

Pursuant to Ninth Circuit Rule 27-13, Appellee Milliman, Inc. moves to file under seal Volume 2 of the Supplemental Excerpts of Record.

Compelling reasons exist for maintaining these Confidential Materials under seal.[1] The Confidential Materials contain proprietary and trade secret information about Milliman's internal processes, data sources, and customer relationships that, if disclosed, would irreparably harm Milliman's competitive standing, in addition to containing protected health information.

Milliman respectfully requests that this Court order that the Confidential Materials be kept under seal.

[1] The reasons for sealing the Confidential Materials here are much the same as the reasons for maintaining portions of Healy's Excerpts of Record under seal. Accordingly, this motion parallels Milliman's prior motion regarding sealing. *See* Dkt. 25.1.

## BACKGROUND

Milliman is an independent risk management, benefits, and technology firm based in Seattle. 2-ER-117. Among its other products and services, Milliman sells a suite of services called "IntelliScript" to insurance companies as part of their underwriting processes. 2-ER-118. Through its IntelliScript services, Milliman provides insurance companies with consumer reports containing information about insurance applicants' prescription and medical history. *Id.*

Healy alleges that Milliman violated the Fair Credit Reporting Act, 15 U.S.C. § 1681e(b), by preparing consumer reports about him and class members that contained prescription and medical history data belonging to other individuals. *See* 1-ER-4–5. After initially certifying a class of consumers, the district court granted summary judgment for Milliman with respect to the class claims only, finding that Healy failed to come forward with evidence to show that class members had suffered concrete harm under Article III. 1-ER-8.

In the court below, the parties conducted extensive discovery, and Milliman produced documents and testimony regarding its internal processes and procedures for collecting, compiling, and evaluating medical

and prescription data and preparing reports for use by insurance companies, as well as information about Milliman's customers and data sources. Healy also obtained confidential information through third-party discovery of a Milliman client, Americo.

This Motion concerns documents and testimony (collectively, the "Confidential Materials") designated as confidential under the protective order entered by the District Court.

The Confidential Materials are:

| **Document** | **Pages** | **Seal/Redact** | **Category** |
|---|---|---|---|
| Excerpt of Healy Report to Americo | 2-SER-71–73 | Seal | Proprietary business records and protected health information. |
| Criswell Deposition (Americo) | 2-SER-74–85 | Seal | Proprietary business records. |
| Jaffe Expert Report (February 1, 2022) | 2-SER-86–167 | Seal | Proprietary business records. |

The District Court previously found compelling reasons for maintaining the documents in Volume 2 of Milliman's Supplemental Excerpts of Records under seal. *See* Dkt. 180.

## LEGAL STANDARD

Although courts recognize a presumption in favor of public access to

judicial records, "[t]he common law right of access . . . is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

Compelling reasons sufficient to outweigh the public's interest in viewing material include if the record would release trade secrets, *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006), or if the record is a "source[] of business information that might harm a litigant's competitive standing," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). *See also In re Elec. Arts, Inc.*, 298 Fed. App'x 568, 569 (9th Cir. 2008) ("The right to inspect and copy judicial records . . . has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." (quotations and citations omitted)).

Further, compelling reasons to seal exist if necessary to protect confidential health information and personal identifying information. *Kamakana*, 447 F.3d at 1179; *see, e.g., Benedict v. Hewlett-Packard Co.*, 2014 WL 233827, at *3 (N.D. Cal. 2014) (personal identifying information); *Cal. Spine and Neurosurgery Inst. v. United Healthcare Ins. Co.*, 2021 WL 1146216, at *3 (N.D. Cal. 2021) (health information).

## ARGUMENT

For the reasons set forth in the concurrently-filed Declaration of Angela Bolduc, compelling reasons exist to maintain the Confidential Materials under seal.

Milliman provides insurers with medical and prescription history information to assist them in assessing underwriting risk. Bolduc Decl. ¶ 5. Milliman has invested substantial time, money, and expertise to develop systems, processes, data sources, and customer relationships to provide it with an advantage over its competitors. Bolduc Decl. ¶ 7. Milliman keeps information about these systems, processes, data sources, and relationship strictly confidential to maintain its competitive advantage. *Id.*

The Confidential Materials contain information that, if disclosed, would irreparably harm Milliman's competitive standing. Specifically:

- The excerpt of Milliman's report to Americo and deposition testimony of Americo representative Rebecca Criswell reveal information about the proprietary underwriting process of a Milliman client and how Milliman calibrates the data it provides to Americo. The report also contains protected health information regarding a non-party. Bolduc Decl. ¶ 9.

- The expert report of Jason Jaffe dated February 1, 2022 contains detailed summaries of confidential Milliman data and processes throughout the report, including discussions of Milliman's internal databases, detailed descriptions of the content and

structure of prescription and medical records reported by Milliman, and the identity of Milliman clients. *Id.* ¶ 10.

If the Confidential Materials were publicly disclosed, Milliman's competitors would gain knowledge of how Milliman collects and reports data and tailors that information for individual clients such as Americo—information that goes to the very core of Milliman's business. *Id.* ¶ 11. This would enable Milliman's competitors to adjust their own systems and processes and target Milliman customers and data sources to gain a competitive edge, causing irreparable harm to Milliman's business and competitive standing. *Id.* These are compelling reasons for maintaining the Confidential Materials under seal. *See In re Qualcomm Litig.*, 2019 WL 845659, at *2 (S.D. Cal. Feb. 21, 2019).

## CONCLUSION

For the foregoing reasons, Milliman respectfully requests that the Court order that the Confidential Materials be kept under seal.

December 16, 2024

Respectfully submitted,

*/s/ Nathaniel P. Garrett*

Nathaniel P. Garrett
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
+1.415.626.3939
ngarrett@jonesday.com

*Counsel for Appellee*
MILLIMAN, INC.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 15. Certificate of Service for Electronic Filing

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form15instructions.pdf*

**9th Cir. Case Number(s)** 24-3327

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**
[X] I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**
[ ] I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

Adrienne D. McEntee (amcentee@terrellmarshall.com)
Beth E. Terrell (bterrell@terrellmarshall.com)
Blythe H. Chandler (bchandler@terrellmarshall.com)
Gabriel E. Chess (gabe@guptawessler.com)
James A. Francis (jfrancis@consumerlawfirm.com)
Jennifer R. Murray (jmurray@terrellmarshall.com)
Jessica Garland (jessie@guptawessler.com)
John Soumilas (jsoumilas@consumerlawfirm.com)
Matthew W.H. Wessler (matt@guptawessler.com)

**Description of Document(s)** *(required for all documents)*:

MOTION TO SUBMIT SEALED DOCUMENTS
SUPPLEMENTAL EXCERPTS OF RECORD VOLUME 2 OF 2
DECLARATION OF ANGELA BOLDUC

**Signature** /s/ Margaret Landsborough **Date** December 16, 2024
*(use "*s/[typed name]*" to sign electronically-filed documents)*